UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TODD MICHAEL MERCHANT,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:09-CV-728
(Criminal Case No. 1:05-CR-20)

HON. GORDON J. QUIST

## **OPINION**

This Court has before it Todd Michael Merchant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The Government has filed a response in opposition to Merchant's motion, and Merchant has filed a reply to the Government's response. After reviewing the motion, the parties' briefs, and other pertinent materials, the Court concludes that Merchant is entitled to relief, namely, resentencing without the career offender enhancement.

### PROCEDURAL HISTORY

On January 31, 2006, Merchant pled guilty to Counts 3 and 4 (June 19, 2002), Counts 18 and 19 (July 30, 2002), and Counts 20 and 21 (August 6, 2002) of the Fourth Superseding Indictment relating to his involvement in a conspiracy to distribute heroin and cocaine in Lansing, Michigan.

On May 15, 2006, the Court sentenced Merchant to 151 months on each of Counts 3, 4, 18, 19, 20, and 21, to be served concurrently. As set forth in the Presentence Investigation Report (PSI), the Court found that the Base Offense Level was 12. The Court struck the recommended two-point firearm enhancement and subtracted two points for acceptance of responsibility, leaving a Base

Offense Level of 10. Merchant had a substantial prior criminal record, resulting in 28 Criminal History Points and Criminal History Category VI. The Guideline range thus would have been 24-30 months. However, the Court concluded that the career offender enhancement under U.S.S.G. § 4B1.1 applied, based upon: (1) an October 27, 1986, conviction for Escape-Prison, in violation of M.C.L. § 750.193; (2) an August 23, 2000, conviction for Resisting and Obstructing a Police Officer, in violation of M.C.L. § 750.479; and (3) a March 3, 2005, conviction for Assaulting, Resisting and Obstructing a Police Officer, in violation of M.C.L. § 750.81D(1). Application of the career offender enhancement resulted in a Guideline range of 151 to 188 months. The Court sentenced Merchant at the bottom of the Guideline range, declining to depart downward based largely upon Merchant's lengthy criminal record.

Merchant appealed his sentence to the United States Court of Appeals for the Sixth Circuit, arguing that: (1) the Court erred in applying the career offender enhancement; and (2) his sentence was substantively unreasonable. On August 11, 2008, the Sixth Circuit issued an opinion, affirming both the application of the career offender enhancement and the reasonableness of the 151-month sentence. *United States v. Merchant,* No. 06-1698 (6th Cir. 2008). With regard to the career offender enhancement, Merchant argued that none of the three offenses listed in the PSR constituted crimes of violence. The Sixth Circuit did not address the escape conviction, but held that the 2000 conviction for resisting and obstructing a police officer and the 2005 conviction for assaulting, resisting and obstructing a police officer did constitute crimes of violence. A mandate issued on September 25, 2008. Merchant then filed this timely Motion under § 2255 on August 10, 2009.

## Discussion

Merchant argues that he is entitled to relief because his counsel was ineffective for failing to object to the use of the 2005 conviction for assaulting, resisting and obstructing as a predicate

2

offense because it occurred subsequent to the offense of conviction and, thus, could not serve as a predicate offense for the career offender enhancement. Merchant argues that had his counsel raised this issue on appeal, the two crimes of violence required to support the career offender enhancement would not have existed, thus resulting in a substantially lower sentencing range.

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Sixth Circuit has held, however, that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982)). A movant will be procedurally barred from raising an issue in a § 2255 motion that should have been raised on direct appeal unless the movant can show both cause and prejudice. *Elzy v. United States*, 205 F.3d 882, 885-86 (6th Cir. 2000). Attorney error may constitute cause if the error amounts to ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). In addition, ineffective assistance of counsel claims are generally not reviewable on direct appeal, but instead must be raised in a motion under § 2255. *United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003)).

The Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first

3

prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.

To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

The Court concludes that Merchant has adequately demonstrated both prongs of the *Strickland* test. First, Merchant has shown that his counsel's performance in failing to object to the use of the 2005 conviction as a predicate for the career offender enhancement was deficient. A defendant may be sentenced as a career offender when:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. A conviction is a "prior" conviction if:

(1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions . . . and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*.

U.S.S.G. § 4B1.2(c). The Sixth Circuit, "along with other circuits, has interpreted § 4B1.2(c)(1) to mean that the conduct for which the defendant is currently being sentenced must have occurred, at least in part, after he sustained convictions on the prior offenses." *United States v. Makki*, 129 F. App'x 185, 191 (6th Cir. 2005) (citing *United States v. Wood*, 209 F.3d 847, 849 n.1 (6th Cir. 2000), and *United States v. Carter*, 300 F.3d 415, 427 (4th Cir. 2002)). Had Merchant's counsel objected to the 2005 conviction on the grounds that it was not a "prior" conviction or raised the issue on appeal, the argument would have succeeded because Merchant's offense conduct occurred in 2002, several years before the 2005 conviction.

Although the Government does not dispute that counsel's performance was deficient, it argues that Merchant cannot show prejudice because even if the 2005 conviction is excluded, Merchant has a 1995 conviction for burglary of a residence which, in addition to the 2000 conviction for resisting and obstructing, would provide the two predicate prior convictions for career offender status. Notably, the Government does not rely upon the 1986 escape conviction, which was not a basis of the Sixth Circuit's affirmance of the career offender enhancement.[1] The Government's reliance upon the 1995 burglary conviction as a second predicate offense, however, is misplaced. The PSR did not identify this conviction as a predicate offense because it noted that although Merchant was charged with a Class B felony, which would have qualified as crime of

---

[1]Merchant argued on appeal that his 1986 escape conviction was not a crime of violence. Although conceding that the Sixth Circuit's observation in *United States v. Harris*, 165 F.3d 1062 (6th Cir. 1999), that every escape scenario is a "powder keg," Merchant argued that footnote 1 in *United States v. Davis*, 458 F.3d 505 (6th Cir. 2006), whether escape is a crime of violence is "not a settled point of law." *Id.* at 507 n.1. In its response, the Government acknowledged the then-recent Sixth Circuit decision in *United States v. Collier*, 493 F.3d 731 (6th Cir. 2007), which distinguished the Tennessee escape statute at issue in *Harris* from Michigan's escape statute and held that an escape premised on a failure to report was not a "violent felony" for purposes of U.S.S.G. § 4B1.2. The Government nonetheless argued that *Collier* was distinguishable because Merchant's conviction was for a "walk away" escape rather than a "failure to report." The Government further argued that even if the Sixth Circuit were to determine that *Collier* controlled, there was no need for the court to remand because Merchant had two other crimes of violence that controlled. The Sixth Circuit appears to have adopted this rationale. Subsequent to the Sixth Circuit's decision in the instant case, the Sixth Circuit decided *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), which held that a prior conviction under Kentucky law for a "walk away" escape no longer qualifies categorically as a crime of violence for purposes of § 4B1.2(a) in light of the Supreme Court's decision in *Chambers v. United States*, __ U.S. __, 129 S. Ct. 687 (2009). *Ford*, 560 F.3d at 426.

violence, Merchant pled guilty to a Class C felony, a reduced charge that does not involve burglary of a dwelling. (PSR ¶ 183.) *See also* Ind. Code Ann. § 35-43-2-1 (2009). Thus, the 2000 conviction for resisting and obstructing is the only predicate offense available for career offender status.

The Government further argues that Merchant cannot show prejudice in light of his extensive criminal history. In other words, the Government contends that Merchant cannot show that his sentence would have been different had the Court not found him to be a career offender. The Court disagrees. Although the Court declined to depart downward, it gave Merchant a within-Guideline sentence at the low end of the range. Had the Court not applied the career offender enhancement, it very well may have departed upward in light of Merchant's substantial criminal history. But this is an issue for another day. Moreover, had Merchant's counsel raised this issue on appeal, the Sixth Circuit would have found the sentence procedurally unreasonable and remanded for resentencing. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006) (noting that a sentence may be procedurally unreasonable if the district court "did not correctly calculate the sentencing range under the guidelines") (citations omitted). Therefore, Merchant has demonstrated a right to relief.

## Conclusion

For the foregoing reasons, the Court will grant Merchant's Motion under § 2255 and resentence Merchant without the career offender enhancement.

A separate order will issue.

Dated: June 25, 2010            /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE